■ CHRISTOPHER KNEEPPEL et al., Appellants, v BENJAMIN R. CASEM, Defendant, and NORMAN D. MCKAY et al., Respondents. [857 NYS2d 378]—

Appeal from an order of the Supreme Court, Niagara County (Timothy J. Walker, J.), entered January 8, 2007 in a personal injury action. The order granted the motion of defendants Norman D. McKay and Patty E. McKay for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendants Norman D. McKay and Patty E. McKay, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use of a body organ or member category of serious injury within the meaning of Insurance Law § 5102 (d) and with respect to the derivative cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Christopher Kneeppel (plaintiff) when the vehicle driven by him was rear-ended by a vehicle driven by defendant Patty E. McKay and propelled into oncoming traffic, whereupon plaintiff's vehicle collided with a vehicle driven by defendant Benjamin R. Casem. Supreme Court erred in granting the motion of Patty McKay and defendant Norman D. McKay, her husband (defendants), for summary judgment dismissing the complaint against them on the ground that plaintiff did not sustain a serious injury in the accident

within the meaning of Insurance Law § 5102 (d). Although defendants met their initial burden by submitting evidence establishing that plaintiff's alleged injuries sustained in the accident were preexisting, we conclude that plaintiffs raised an issue of fact whether plaintiff sustained a permanent consequential limitation of use of his cervical and lumbar spine as a result of the accident by submitting evidence that, inter alia, "address[ed] defendant[s'] claimed lack of causation" (*Pommells v Perez*, 4 NY3d 566, 580 [2005]). We therefore modify the order accordingly. In opposition to defendants' motion, plaintiffs submitted the affidavit of plaintiff's treating chiropractor sworn to in October 2006, in which the chiropractor stated that he began treating plaintiff in 1996. The chiropractor set forth the normal range of cervical movement and compared it to plaintiff's range of cervical movement in 1996 and again in 2001, approximately one week after the accident. According to the chiropractor, the extension of plaintiff's cervical spine "had decreased significantly" following the accident. Plaintiffs also submitted the affidavit of plaintiff's treating orthopedic surgeon, who stated that plaintiff "clearly suffered a trauma to his lower back" as a result of the accident and that "the exacerbation of the L4-5 and L5-S1 discs . . . [was] causally related to the motor vehicle accident." The orthopedic surgeon also noted plaintiff's "limited lumbar flexion range of motion." We thus conclude that plaintiffs raised an issue of fact to defeat defendants' motion with respect to that category of serious injury (*cf. id.* at 579-580). Present—Hurlbutt, J.P., Martoche, Lunn, Green and Gorski, JJ.